WHITNEY NORRIS v. THE STATE.

No. 14333. Delivered June 10, 1931.

The opinion states the case.

*R. G. Robertson,* of Port Arthur, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

MORROW, PRESIDING JUDGE.—Unlawfully carrying a pistol is the offense; punishment assessed at a fine of $100.

The testimony of M. B. Word, chief of police, is summarized as follows: He received a telephone message from some person who stated that she was Jeanette Norris, the divorced wife of Whitney Norris; that the person calling him stated over the telephone that Whitney Norris had made threats against the life of Jeanette Norris and was coming to the

place where she was staying and would probably have a pistol on his person. The witness went to the place mentioned and was told by the lady with whom Jeanette Norris was living, in the presence of the latter, that Whitney Norris had just passed the house. Word went around the block and upon his return found Whitney Norris standing in the front of the house. Jeanette Norris was standing in the door with something in her hand. Whitney Norris was immediately arrested.

The appellant's testimony is in substance as follows: A short time before his arrest, he had borrowed a pistol from his divorced wife, Jeanette Norris, to take with him on a trip to an adjoining state. He was at the place where he was arrested for the purpose of returning the pistol to her. He had made no threats towards her and had no intention of doing her any harm. He had just arrived at the place and had not gone in the house but was standing on the ground at the edge of the porch, waiting for her to come and get the pistol.

The testimony of Jeanette Norris was to the following effect: The pistol belonged to her. She had loaned the pistol to the appellant, who took it with him on a trip to Louisiana; that he was returning the pistol to her. She did not telephone for an officer but that some other person must have done so; that the lady at whose house she was staying became alarmed when she learned that Whitney Norris was coming to the house, and it was she who sent for the officer.

The state's case rests upon the evidence that some one claiming to be Jeanette Norris had called for an officer and stated that the appellant had threatened her with violence; that the officer found the appellant at the home of Jeanette Norris and in possession of a pistol. No one testified that the appellant had made any threats nor that Jeanette Norris had sent for an officer. On the contrary, both of these matters were denied by her and not verified by any one upon the trial. If the appellant had borrowed the pistol and was returning it, he was within his rights under the law. The court instructed the jury to that effect, but, in the opinion of the writer, the evidence does not justify the contrary conclusion. For that reason the judgment should be reversed and the cause remanded, which is accordingly ordered.

*Reversed and remanded.*